# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Jeffrey T. Gilbert | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8724 | **DATE** | 2/21/2013 |
| **CASE TITLE** | United States of America vs. Wesley | | |

**DOCKET ENTRY TEXT**

Plaintiff United States of America's Motion for Judgment on the Pleadings [Dkt.#8] noticed for 2/26/13 at 9:15 a.m. is denied. The motion hearing set for 2/26/13 is stricken in light of this order, and no appearance is required. This matter is set for status on March 14, 2013 at 10:00 a.m. [See Statement for details.]

■[ For further details see Statement.]  Notices mailed by Judicial staff.

# STATEMENT

This matter is before the Court on Plaintiff United States of America's Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) [Dkt.#8]. A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is subject to the same standard as a motion to dismiss under Federal Rule 12(b)(6). *United States v. Wood*, 925 F.2d 1580, 1581-82 (7th Cir. 1991); *Noah v. Enesco Corp.*, 911 F. Supp. 305, 307 (N.D. Ill.1995); *see also United States v. Klein*, 2001 WL 1117338, at * 1 (N.D. Ill. 2001). Accordingly, a Federal Rule 12(c) motion should not be granted unless, taking all of the facts alleged in the nonmoving party's pleading as true and viewing all of the facts alleged in the pleadings in the light most favorable to the nonmoving party, the court is convinced beyond doubt that the nonmoving party can plead no facts to establish a claim or defense. *Klein*, 2001 WL 1117338, at * 1. When deciding a motion for judgment on the pleadings, the court may not look at documents other than the pleadings unless those documents have been attached as exhibits to the pleadings or they have been incorporated by reference to the pleadings. *Wood*, 925 F.2d at 1581-82.

In this case, Defendant answered the Complaint stating that she lacks sufficient knowledge or information to determine the truth of the statements of the Complaint. *See* Def.'s Answer, [Dkt.#6]. Pursuant to Federal Rule 8(b)(5), "a party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial." FED. R. CIV. P. 8(b)(5). Plaintiff in its Motion argues that Defendant's lack of sufficient knowledge or information to determine the truth of the statements asserted in the Complaint does not create any material issue of fact and that it is entitled to judgement on the pleadings. The Court disagrees.

Pursuant to Federal Rule 8(b)(5), Defendant, in fact, has created a material issue of fact in denying the allegations of the Complaint, and therefore, judgment on the pleading is not appropriate at this time. It very well may be true that Defendant ultimately may not be able to dispute Plaintiff's *prima facie* case of a debt owing and unpaid. Now, however, is not the time – on a Federal Rule 12(c) motion – for the Court to make that determination. That kind of determination is more appropriate – if it is to be made at all – in the context of a motion for summary judgment. In fact, the Sixth Circuit case that Plaintiff cites in support of its Motion, *United States v. Petroff-Kline*, 557 F.3d 285 (6th Cir. 2009), was decided on a motion for summary judgment.

**STATEMENT**

If Plaintiff wishes to move for summary judgment and submit a memorandum of law and statement of facts pursuant to Federal Rule 56 and Northern District of Illinois Local Rule 56.1, then it may do so.  At this time and at this stage in the litigation, however, judgment on the pleadings is not warranted.  Therefore, Plaintiff's Motion for Judgment on the Pleadings [Dkt.#8] is denied.

It is so ordered.